# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1959V

| | |
|---|---|
| ALLISON A. HAYES,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 23, 2024 |

*Scott William Rooney, Nemes, Rooney, P.C., Farmington Hills, MI, for Petitioner.*

*Parisa Tabassian, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On December 23, 2020, Allison A. Hayes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a Tdap vaccination she received on September 11, 2019. Petition at ¶¶ 4, 9, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 23, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On August 23, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00 for pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALLISON A. HAYES, | |
| Petitioner, | |
| v. | No. 20-1959V |
| | Chief Special Master Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

**RESPONDENT'S PROFFER**

On December 23, 2020, Allison Hayes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"). On December 28, 2020, petitioner filed an amended petition for compensation. She alleges that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered in her left arm on September 11, 2019, caused a shoulder injury related to vaccine administration ("SIRVA"). Amended Petition at 1-3. On March 31, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending against compensation because petitioner had not established a Table[1] SIRVA claim. Subsequently, the parties filed briefs regarding factual issues surrounding the site of vaccination administration and severity. ECF Nos. 37, 44. On July 23, 2024, the Chief Special Master issued a Ruling on

---

[1] The Vaccine Injury Table is located at 42 C.F.R. § 100.3.

1

Entitlement finding petitioner entitled to compensation. ECF No. 49. Respondent now files this proffer regarding the amount of damages to be awarded.[2]

**I.** **Items of Compensation**

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.** **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[3]: a lump sum payment of $55,000.00, in the form of a check payable to petitioner.

**III.** **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Allison A. Hayes:     **$55,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's July 23, 2024, entitlement decision.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

3

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        LARA A. ENGLUND
        Assistant Director
        Torts Branch, Civil Division

        *s/ PARISA TABASSIAN*
        PARISA TABASSIAN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-4035
        Parisa.Tabassian@usdoj.gov

Dated: August 23, 2024